Filed 8/10/26  Guassac v. Sevilla CA4/1

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| CARLOS GUASSAC, Plaintiff and Respondent, v. EDGAR SEVILLA III et al., Defendants and Appellants. | D086205 (Super. Ct. No. 37-2022-00013339-CU-PN-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert C. Longstreth, Judge.  Affirmed.


Edgar Sevilla III, in pro. per., for Defendants and Appellants.

Carlos Guassac, in pro. per., for Plaintiff and Respondent.


Defendants and appellants Edgar Sevilla III and the Law Offices of Sevilla and Associates (collectively Sevilla) appeal a summary judgment in favor of plaintiff and respondent Carlos Guassac, on what Sevilla asserts was Guassac's complaint for legal malpractice, breach of fiduciary duty, and fraud

arising from Sevilla's representation of Guassac in connection with a business dispute. The court awarded Guassac $1,258,246.47 in damages as well as post-judgment interest and costs of collection. Sevilla contends (1) the court's damages award is grossly excessive and unsupported and (2) Guassac's underlying claims purported to assert rights belonging to an Indian tribe, but the tribe does not acknowledge Guassac as its representative such that Guassac lacked standing to bring the suit. Because the record on appeal is insufficient to evaluate these claims and Sevilla has either forfeited his contentions or not met his appellate burden to show error or prejudice, we affirm the judgment.

DISCUSSION

We are unable to provide a summary of the underlying facts. None are apparent from the appellate record, which does not contain a summary judgment ruling or statement of decision. (Compare *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 184 [summarizing facts from statement of decision].) Nor does the record on appeal contain Guassac's complaint or any of the parties' summary judgment papers. It lacks a reporter's transcript of the summary judgment hearing, if it was reported. The appellate record, which is a total of 45 pages, consists only of the judgment and its notice of entry, an acknowledgement of the judgment's assignment, two notices of appeal, Sevilla's designation of the record, and a registrar of actions.

Sevilla, an attorney and self-represented litigant, purports to state underlying facts but provides no record citations, or cites only to the judgment, which does not recite detailed facts or even identify the nature of Guassac's causes of action. California Rules of Court require litigants to "[s]upport any reference to a matter in the record by a citation to the volume

2

and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).) "Each and every statement in a brief regarding matters that are in the record on appeal, whether factual or procedural, must be supported by a citation to the record." (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 96, fn. 2.) "We may disregard [Sevilla's] statements of fact when those statements are unsupported by citations to the record. [Citation.] And we will not scour the record on our own in search of supporting evidence." (*Sharabianlou v. Karp* (2010) 181 Cal.App.4th 1133, 1149.)

Absent a record establishing facts that Sevilla asserts are either disputed or warrant denial of Guassac's summary judgment motion, Sevilla's claims fail. "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.] 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.] 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' [Citation.] ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.] 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) These principles apply even to a

3

summary judgment, in which our review is de novo.  (See *Lincoln Fountain Villas Homeowners Assn. v. State Farm Fire & Casualty Ins. Co.* (2006) 136 Cal.App.4th 999, 1003, fn. 1.)

Because none of Sevilla's arguments concerning standing are supported by an adequate record, he has not rebutted the presumption that the court properly granted summary judgment.  As for his argument concerning the amount of damages, Sevilla sets it out in only a heading unsupported by any reasoned argument with citation to authorities.  It is thus forfeited.  (See Cal. Rules of Court, rule 8.204(a)(1)(B); *G.F. Galaxy Corp. v. Johnson* (2024) 100 Cal.App.5th 542, 550 [" 'When legal argument with citation to authority is not furnished on a particular point, we may treat the point as forfeited and pass it without consideration' "]; *Lake Lindero Homeowners Assn., Inc. v. Barone* (2023) 89 Cal.App.5th 834, 838; *Securus Technologies, LLC v. Public Utilities Com.* (2023) 88 Cal.App.5th 787, 810, fn. 14.)

DISPOSITION

The judgment is affirmed.

O'ROURKE, J.

WE CONCUR:

McCONNELL, P. J.

KELETY, J.

4